## W. U. PRATT, ETC., *v.* PEYTON COX, ETC.

**Infants—Defective Sale of Land—Legislative Power to Enact Laws Confirming Sale—Parole Sale by Father.**

The legislature has power to enact laws authorizing the courts of the county, by proper proceeding, to confirm defective sales of infants' real estate, and that, too, in cases where the sale under the original judgment did not divest the infant of title, and the legislature can confer upon a court of equity the power to execute and consummate a parole contract as against infants, made by the father, if from the proof the court deems it beneficial to the infant.

**Fraud, Statute of—Repeal of—Parole Contract May be Enforced.**

The statute of frauds is subject to be repealed at any time by the law-making power, and a parole contract for the sale of land be enforced like any other contract. Parole contracts are valid for many purposes.

APPEAL FROM HOPKINS CIRCUIT COURT.

November 11, 1871.

OPINION BY JUDGE PRYOR:

It is now too late to question the constitutionality of the legislative enactment under which the land in controversy was decreed to be sold by the chancellor. This court in several previous adjudications on the subject has determined in favor of the exercise of this power by the legislature. In the case of Thornton vs. McGrath, 1st Duvall, page 354, this court decided that the legislature had the power to enact laws authorizing the courts of the county by a proper proceeding to confirm defective sales of infants' real estate and that too, in cases where the sale under the original judgment, did not divest the infant of title. We are of the opinion that the legislature could confer upon a court of equity the power to execute and consummate a parol contract as against infants, made by the father if from all the proof the court deemed it beneficial to the infant. The statute of frauds is subject to be repealed at any time by the law-making power and the parol contract for the sale of land, can be enforced like any other contract. A parol sale of land is not void.

The statute only declares that no action shall be brought upon such contracts, and they are valid for many purposes. Morrow vs. Johnson, 3 Met. 578. In this case Edwin Ruby, the ancestor of the appellants, was the owner of 1,100 acres of wild and unimproved land; he had purchased this land in 1840, at fifty or sixty cents per acre; his brother-in-law Cox, the appellee had been unfortunate in his business affairs and surrendered up to Ruby his (Cox's), own land to be sold in order to relieve him from his liabilities. In 1841 he went upon this land of Ruby's under a parol contract by which he was to have all of that portion of the land within a certain boundary at the same price Ruby paid for it, provided he would build a mill upon the land. Cox entered upon this boundary of land in 1841; he erected a mill, dwelling house and made other improvements, a mill there doubtless in the neighborhood was very desirable and added to the value of the land. The contract is clearly proven and also

the declaration of Ruby not long previous to his death that he intended to make Cox a deed. He died suddenly in 1849 without ever having complied with his contract and shortly after his death, this legislative enactment was obtained authorizing the Chancellor of the Hopkins Circuit, to confirm the sale, if not prejudicial to the infant. The suit was instituted under the act and the most of the proof offered was from those who were or ought to have been interested in protecting the rights of the infants. The court after hearing the case directed the commissioner to make to Cox a deed for the land, and he and his vendees have been in the undisturbed possession of it since the year 1841. This present bill of review alleges fraud in the procurment of the act and the judgment of the Hopkins circuit court under it. The only proof on the subject is that the land was at that time worth from four to six dollars per acre, whilst for the defendants it is shown that it was worth only one dollar per acre. Cox never would have gone on this land and made such improvements, without some contract with the owner, and in the absence of any direct proof the presumption would be that some contract had been made, as the improvements were worth according to the proof of the appellant, more than half as much as the land. There is some conflicting proof as to the exact location of the boundary, to which appellant Cox was entitled, but there is nothing in the case showing any material difference in the value of the land, and therefore the interests of the infants could not have been prejudiced. We think, however, that the bounndary is sufficiently shown, and that the deed by the commissioner covered the land which Cox was entitled to under his parol agreement. We perceive nothing in the case presenting any equity in behalf of the appellants. The appelle and his vendees have been in possession now nearly thirty years and there is no reason for interfering with the title under which they hold. The judgment of the court below dismissing appellant's petition is affirmed.

*Vance, Gordon, for appellant.*

*R. T. Petrei, John Rodman, for appellee.*